1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11  MICHAEL GARZA,

12              Plaintiff,

13        v.

14  CITY OF VISALIA,

15              Defendant.

16

17

18

Case No.  1:21-cv-01203-SAB

ORDER RE: INFORMAL DISCOVERY DISPUTE

(ECF Nos. 27, 28, 29)

19        On December 21, 2022, the parties filed a joint informal discovery dispute letter brief.

20  (ECF No. 28.)   Plaintiff seeks to modify the scheduling order (ECF No. 18) to continue all

21  deadlines to allow for Plaintiff's concurrent criminal trial to resolve.  (ECF No. 28.)  An informal

22  videoconference was held on December 22, 2022, to address the dispute.  Counsel Kaveh Navab

23  appeared for Plaintiff Michael Garza, and counsel Leonard Charles Herr and Caren Lynn Curtiss

24  appeared for Defendants City of Visalia, Officer Mudo, Chris Fernandes, Samantha Gonzales,

25  and Anthony Chandler.  The Court notes this matter was conducted off the record; however, the

26  parties were afforded an opportunity to place the matter on the record and no party requested to

27  do so.  For the reasons discussed herein, Plaintiff's request to modify the scheduling order is

28  denied.

1

1

**I.**

2

**DISCUSSION**

3

    **A.**    **Legal Standard**

4

    Under Federal Rule of Civil Procedure ("Rule") 16, the Court is required to issue a

5

scheduling order as soon as practicable, and the order "must limit the time to join other parties,

6

amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once a

7

scheduling order has been filed pursuant to Rule 16, the "schedule may be modified only for good

8

cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

9

    "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking

10

amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). A

11

court may modify the schedule "if it cannot reasonably be met despite the diligence of the party

12

seeking the extension." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002)

13

(citing Johnson, 975 F.2d at 609). However, "carelessness is not compatible with a finding of

14

diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609 (compiling cases).

15

Thus, if the party seeking the modification "was not diligent, the inquiry should end." Id.

16

    **B.**    **Analysis**

17

    Here, the Court finds Plaintiff has not met his burden to establish good cause exists to

18

modify the schedule. As noted at the informal hearing, the instant civil rights litigation was

19

initiated on August 9, 2021, almost eleven months after the incident that is the subject of the

20

concurrent criminal matter.

21

    The Court is unpersuaded that Plaintiff has exercised due diligence in pursuing

22

depositions and other discovery matters in advance of the December 30, 2022 fact discovery

23

deadline, which was set pursuant to the January 21, 2022 scheduling order (ECF No. 18). As

24

Defendants note, Plaintiff delayed discussions to set depositions until mid-December, and for the

25

first time, at that time, indicated he would not appear for a deposition until after his pending

26

criminal case; this does not demonstrate a good faith effort to timely complete discovery or to

27

exercise due diligence. Johnson, 975 F.2d at 609.

28

///

2

1    Nor is Plaintiff's Heck argument availing.[1]   Plaintiff contends the outcome of the

2    underlying criminal action could affect the instant matter and the parties' litigation strategy and

3    use of resources.  For example, if Plaintiff's conviction is upheld, Defendants may raise a Heck

4    challenge to bar some or all of Plaintiff's claims in the civil litigation.  If successful, this would

5    effectively narrow the issues of the case and, in the extreme, could result in dismissal of the entire

6    civil action.  Thus, Plaintiff proffers he has delayed in completion of discovery in the interests of

7    conserving the parties' resources and argues a modification of the schedule to accommodate the

8    criminal case is warranted.  While the Court does not disagree with Plaintiff's contention that a

9    potential Heck issue may arise, the decision to raise a Heck challenge ultimately lies with

10   Defendants, not Plaintiff, and the challenge has not been raised at this time.  Plaintiff's argument

11   is currently purely speculative.   Further, the Court remains unpersuaded that Plaintiff has

12   exercised any due diligence in addressing such a concern.

13   Simply put, it is unclear why the criminal case has been delayed for so long and what

14   efforts, if any, have been made to seek a speedy trial and resolution of that underlying matter, and

15   Plaintiff's request for a stay of presumably indeterminate length is not sufficiently tailored to

16   support modification to the scheduling order.  More importantly, the Court notes the underlying

17   facts and posture of both the criminal and instant matter have been known to the parties for

18   approximately two years.  Yet it is unclear to the Court why a motion to stay or motion for a

19   protective order was not raised in a timely fashion; Plaintiff proffers no explanation.  Meanwhile,

20   the Court finds Plaintiff's vague request to continue deadlines to accommodate the criminal trial

21   does not outweigh the prejudice to Defendants caused by the delay of the instant matter, including

22   the Brady concerns raised by Defendants.  For these reasons, Plaintiff's request shall be denied.

23   ///

24   ///

25   ///

26

27   [1] In Heck v. Humphrey, the Supreme Court established that a § 1983 claim calling into question
the lawfulness of a plaintiff's conviction or confinement is not cognizable until the conviction or
28   confinement has been invalidated.  512 U.S. 477 (1994).

1

**II.**

2

**CONCLUSION**

3       Based on the foregoing, Plaintiff's request is DENIED; however, the request is denied

4   without prejudice.   Further, the parties are reminded that the Court is willing to entertain any

5   stipulated motion arising from the parties' continued meet and confer efforts.

6

7   IT IS SO ORDERED.

8   Dated:   **December 22, 2022**                                    _____
                                                            UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4